## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **COMMUNITY LEGAL AID** | : | |
| **SOCIETY, INC.,** | : | **Civil Action No.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HORIZON HOUSE, INC.,** | : | |
| **Trading and Operating as** | : | |
| **HORIZON HOUSE/DELAWARE, INC.,** | : | |
| **HORIZON HOUSE OF DELAWARE,** | : | |
| **INC.,** | : | |
| **And** | : | |
| | : | |
| **JEFFREY W. J. WILUSH,** | : | |
| **In his capacity as President and Chief** | : | |
| **Executive Officer of Horizon House, Inc.** | : | |
| **Defendants** | : | |

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF AND
## DECLARATORY JUDGMENT

### I.    PRELIMINARY STATEMENT

1.  This is an action for declaratory and injunctive relief brought by Community

Legal Aid Society, Inc., [hereinafter CLASI] pursuant to the Protection and Advocacy for

Individuals with Mental Illness Act of 1986, [hereinafter PAIMI Act] 42 U.S.C.

§§10801-10827.  CLASI is the state and federally designated Protection and Advocacy

system charged with investigating allegations of abuse and neglect for individuals with

disabilities in Delaware.

1

2.  John Z., an individual with severe mental illness and significant medical conditions, was a consumer of Horizon House, Inc., a community mental health services provider in Delaware.  Mr. Z. was discovered dead in his house on March 14, 2007 by a Horizon House case manager.

3.  CLASI received a complaint on March 15, 2007, that John Z. may have been subject to abuse and/or neglect. Upon information and belief, Mr. Z. was dead for days when he was found.  After evaluating the credibility of the complaint, CLASI requested records from Horizon House, Inc. pursuant to its well established federal authority to conduct a full and complete investigation.  42 C.F.R. § 51.2, 42 C.F.R. § 51.41.

4.  This action arises because Horizon House improperly denied and continues to deny CLASI access to Mr. Z.'s records. Horizon House only provided CLASI with an internal death investigation report. The defendants' conduct stymies CLASI from fulfilling its statutory mandates of investigating allegations of abuse and neglect, as well as providing protection and advocacy services for individuals with disabilities.  The actions of Horizon House further prevent CLASI from determining whether John Z. was in fact subject to neglect, and whether other similarly situated individuals with mental illness may be at risk of neglect.

## II.    JURISDICTION AND VENUE

5.  Jurisdiction is vested in this Court because this case raises a question of general federal law, 28 U.S.C. §1331, 28 U.S.C. §§2201 and 2202, as this action arises under 42 U.S.C §§10801-10827 and 42 C.F.R. §51.41.

6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the defendant, Horizon House, Inc., conducts business in Delaware and is registered as a Delaware corporation. A substantial number of the incidents that give rise to this complaint occurred in this District. In addition, CLASI is a non-profit corporation, which is registered and does business in Delaware.

### III.    PARTIES

PLAINTIFF

7.    Plaintiff, Community Legal Aid Society, Inc., is an independent, non-profit agency, designated by the Governor of Delaware as the federal Protection and Advocacy [hereinafter P&A] system for the State to protect and advocate for individuals with disabilities.42 U.S.C. §§10801 *et seq.* Plaintiff's offices are located at 100 West 10th Street, Suite 801, Wilmington, Delaware, 19801.

8.    As the P & A, CLASI is mandated under the PAIMI Act to investigate allegations of abuse and neglect for residents of Delaware with mental illness. CLASI is further authorized to pursue legal remedies on behalf of individuals with mental illness or on its own behalf. 42 U.S.C. §10805 and 42 C.F.R. §51.41(b)(2); 42 C.F.R. §51.31 (a).

DEFENDANT

9.    Defendant, Horizon House, Inc. [herein after Horizon House] is a community-based mental health program which provides case management and other support services for individuals with mental illness in New Castle County, Delaware through a contract with the Delaware Division of Substance Abuse and Mental Health. It also trades and operates under the names Horizon House/Delaware Inc., and Horizon House of Delaware, Inc.

3

10. Horizon House provided services to and maintained mental health and medical case management records of John Z. The PAIMI Act mandates that P & A systems have access to <u>all</u> records of individuals with disabilities who may be subject to abuse or neglect. 42 U.S.C. §10805, 42 CF.R. §51.41.

11. Horizon House's administrative headquarters is located in Philadelphia, Pennsylvania, but it has a Delaware office located at 500 S. Madison Street, Wilmington, Delaware 19801.

12. Defendant, Jeffrey Wilush, is the Chief Executive Officer and the President of Horizon House. His principal office is located at 120 South 30th Street, Philadelphia, Pennsylvania 19104. His Delaware office is located at 500 S. Madison Street, Wilmington, Delaware 19801.

## IV.    FACTUAL ALLEGATIONS

13. John Z. was an individual with extensive medical problems and persistent mental illness, including severe depression and psychosis. He received mental health case management and support services from Horizon House. John lived with three roommates in a house located at 412 West 21st Street, Wilmington, Delaware, which is managed by the National Alliance on Mental Illness.

14. John was eligible to receive CLASI services under the PAIMI Act. 42 U.S.C. §10801 and 42 C.F.R. §51.7.

15. In its capacity as the P & A, CLASI is authorized to conduct investigations into allegations of abuse or neglect of individual with mental illness. 42 U.S.C. §10805 (a)(1)(A).

4

16.    CLASI received a complaint on March 15, 2007 that John was discovered dead in his house on March 14, 2007, and that John may have been subject to neglect in that he may have needed more intensive case management services than what he was provided. 42 U.S.C. §10805 (a)(4)(iii); 42. C.F.R. §51.41 (b)(2)(iii).

17.    Upon information and belief, Mr. Z may have been dead for more than one day prior to discovery.

18.    From the complaint, CLASI also learned that John Z. may not have been seen in his house for at least five days prior to his discovery and that he had significant medical problems.

19.    CLASI independently evaluated the complaint and determined it was credible.

20.    John Z. is dead and obviously cannot consent to CLASI's investigation. 42 U.S.C. §10805 (a)(4)(B)(i).

21.    John Z. also does not have a guardian or next of kin. 42 U.S.C. §10805 (a)(4)(B)(ii).

22.    In addition to the complaint, CLASI independently determined that it had probable cause to believe neglect may have occurred based on the surrounding circumstances of John Z.'s death, similar incidents, and past experience. 42 U.S.C. §10805 (a)(4)(B)(iii). (See Attachment A).

23.    Immediately following receipt of the complaint and determination of probable cause, Eliza Hirst, staff attorney in the Disabilities Law Program of CLASI, sent a letter to Horizon House dated March 19, 2007, certifying probable cause to believe that John Z. "may have been subject to abuse or neglect while under the care of Horizon House." (See

Attachment B). In the letter, CLASI requested access to John Z.'s records pursuant to its federal authority.

24. On March 21, 2007, the Executive Director of Horizon House in Delaware, Rosanne Faust, contacted Eliza Hirst to explain that the records would be available for review once she received approval from the higher-level administrators of Horizon House. Through staff attorney Eliza Hirst, CLASI agreed to view the records on March 27, 2007.

25. On March 26, 2007, Horizon House through its Pennsylvania attorney, Guy Vilim, faxed a letter to CLASI indicating that it did not believe CLASI had "any evidence to support a finding of probable cause." Horizon House would provide CLASI with a copy of the internal death investigation report conducted by its Quality Investigator, but would not allow a full review of John Z.'s records unless CLASI provided evidence to support the finding of probable cause. (See Attachment C).

26. On March 27, 2007, Ms. Hirst sent an email to Rosanne Faust and Guy Vilim, Esq., outlining CLASI's statutory authority to independently determine probable cause as the P & A. (See Attachment D.).

27. When CLASI and Horizon House met, Horizon House provided the internal death investigation report, but again denied access to John Z.'s records because it demanded evidence to substantiate CLASI's probable cause determination. CLASI cannot be more specific about the complaint it received because of its obligation to protect the confidentiality of the identity of the reporter. 42 C.F.R § 51.45 (a)(1)(iii). In addition, CLASI explained to Horizon House that its probable cause determination was based on similar incidents and past experience. 42 C.F.R. §51.2.

28. After reviewing Horizon House's internal investigation report, CLASI determined that additional probable cause existed to conduct a full investigation into John Z.'s death. (See Attachment E, redacted version of Horizon House's internal death investigation). The report triggered additional probable cause because:

    a.   the report found John Z. to be discolored and severely bloated when he was discovered;

    b.   the last time anyone saw John Z. was five days before he was found dead;

    c.   the investigator determined that John Z's death was unexpected, but was a result of medical complications;

    d.   the report included a document which indicated John Z. experienced recent psychosis and depression over his serious medical problems and housing issues;

    e.   the report included case management notes from John Z.'s Horizon House nurse dated January 9, 2007, which stated that his condition was critical and his prognosis was poor.

    f.   the report included a clinical nutrition assessment dated January 18, 2007 that indicated Mr. Z was at high risk for dehydration as well as severe malnutrition; and

    g.   although the internal investigation report did not include an autopsy report, the report was signed and completed on March 16, 2007, which was less than two business days after the investigation was initiated.

29. After reviewing the internal death investigation report, Ms. Hirst faxed and sent a letter on behalf of CLASI, dated March 30, 2007, to again request prompt and full

access to John Z.'s records.  The letter outlined CLASI's statutory authority and legal

precedents to independently determine probable cause. The letter reiterated that CLASI

was prevented from divulging the source of its complaint and provided evidence to

establish probable cause pursuant to 42 C.F.R. §51.45 (a)(1)(iii). (See Attachment F.).

30.  CLASI asked for a response from Horizon House on or before April 10, 2007.

31.  Over one month has passed since CLASI's request for John Z's records was

denied by Horizon House, in contravention of 42 C.F.R. §51.41, which requires prompt

access.

32.  To date, CLASI has not received a response from Horizon House to its March

30th letter requesting access to John Z.'s records.

33.  Horizon House's refusal to provide prompt access to John Z.'s records prevents

CLASI from conducting an investigation into whether neglect occurred.  Therefore, its

statutory mission is being frustrated.


## V.    CAUSE OF ACTION: ACCESS UNDER THE PAIMI ACT

34.  Plaintiff, CLASI, incorporates paragraphs 1 through 33 as if fully set forth

herein.

35.  CLASI's mandate under the PAIMI Act is "to ensure that the rights of

individuals with mental illness are protected." 42 U.S.C. §10801(b)(1).

36.  The definition of complaint under the PAIMI Act "includes, but is not limited to

any report or communication, whether formal or informal, written or oral, received by the

P & A system, including media accounts, newspaper articles, telephone calls (including

8

anonymous calls) from any source alleging abuse or neglect of an individual" with mental illness. 42 C.F.R. §51.2.

37.    The definition of probable cause under the PAIMI Act is "reasonable grounds for belief that an individual with mental illness has been, or may be, at significant risk of being subject to abuse or neglect.  The individual making such determination may base the decision on reasonable inferences drawn from his or her experience or training regarding similar incidents, conditions or problems that are usually associated with abuse or neglect."  42 C.F.R. §51.2.

38.    Probable cause is formed by the independent judgment of the P & A through a complaint, monitoring, and other activities and evidence.  42 U.S.C. § 10805 (a)(4)(B)(iii); 42 C.F.R. §51.41 (b)(2)(iii);. Substance Abuse and Mental Health Services Administration; Requirements, Final Rule, 62 FR 53548-53571 (October 15, 1997) (codified as 42 C.F.R pt. 51).

39.    The P & A, not the service provider of an individual with mental illness, must independently make a determination of probable cause.

40. As the P & A, CLASI is entitled to access "all records" of an individual with disabilities in each of three scenarios: (1) when it receives a complaint or report, (2) certifies probable cause, or (3) obtains consent from the individual, or guardian that an individual with disabilities may have been abused or neglected.  All records include but are not limited to individual records, medical records, reports prepared by any staff; reported descriptions of incidents of abuse, neglect, and injury; the steps taken to investigate such incidents; discharge planning records; and peer review documents. (emphasis added)  42 U.S.C. §10805 (a) (4).

41.  The policies and actions of Horizon House have violated and continue to violate the PAIMI Act 42 U.S.C. §§10801-10827 and 42 C.F.R. §51.41 by:

    a.  Failing to provide timely access to the records of an individual with disabilities when CLASI has received a complaint and has certified that probable cause exists to believe that abuse or neglect has or may have occurred;

    b.  Impeding CLASI from fully investigating a death when it has received a complaint and has probable cause to believe that abuse or neglect has or may have occurred; and

    c.  Preventing CLASI from pursuing administrative, legal, and other appropriate remedies to reduce the likelihood that other individuals with disabilities will be subjected to neglect.

42.  By refusing access to John Z.'s complete records, Horizon House prevents CLASI from fulfilling its federal mandate to protect and advocate for the rights of people with disabilities and to investigate allegations of abuse and neglect. As a result, CLASI has suffered and continues to suffer ongoing, irreparable harm.

43.  CLASI is injured in fact by Horizon House's refusal to turn over Mr. Z's records.

44.  The Horizon House internal death investigation report provides insufficient information to allow the P&A to perform a valid and reliable assessment to substantiate or rule out neglect.

45. Horizon House's conduct in refusing to turn over Mr. Z's records is the direct cause of CLASI's injury, since it is in control of the records and its refusal to release them to CLASI is preventing CLASI's access.

46. An injunction ordering Horizon House to release Mr. Z's records to CLASI would remedy the injury as CLASI would be able to conduct a full, complete, and independent investigation.

47. CLASI has no adequate remedy at law and continues to suffer irreparable harm as a result of Horizon House's actions.

48. The balance of hardships favors CLASI because providing access to records would pose a minimal burden on Horizon House; whereas, Horizon House's denial of access to records frustrates CLASI's mandated purpose under the PAIMI Act.

49. CLASI risks violation of PAIMI "system requirements" [42 U.S.C. § 10805], if it is unable to fulfill its investigation functions.

50. The public interest would be served by a permanent injunction, as CLASI would then be able to fulfill Congress' intent and its statutory responsibility under the PAIMI Act to adequately investigate deaths and alleged incidents of abuse and neglect.

## V.    PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff requests this court to confer the following relief:

a. a permanent injunction against Horizon House and its agents and employees enjoining them from refusing to provide CLASI, upon request, timely access to the records of individuals with mental illness when CLASI certifies it has

received a complaint or that it has probable cause to believe abuse or neglect

has or may have occurred;

b.  a judgment declaring that Horizon House has violated the PAIMI Act by

unreasonably denying CLASI access to the complete records of John Z.;

c.  an order forcing Horizon House to provide CLASI with prompt access to Mr.

Z's records; and

d.  such other relief as this Court deems equitable and just.


_Eliza Hirst_

Eliza Hirst (ID No. 4619)
ehirst@declasi.org

_Daniel Atkins_

Daniel Atkins (ID No. 2970)
datkins@declasi.org

Attorneys for Plaintiff
Disabilities Law Program
Community Legal Aid Society, Inc.
100 W. 10th Street, Ste. 801
Wilmington, DE 19801
(302) 575-0660 ext. 241
FAX (302) 575-0840


Dated: **4-25-07**

**ATTACHMENT A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

COMMUNITY LEGAL AID          :
SOCIETY, INC.,               :     Civil Action No.
Plaintiff                    :
                             :
       v.               :
                             :
HORIZON HOUSE, INC.,         :
Trading and Operating as     :
HORIZON HOUSE/DELAWARE, INC., :
HORIZON HOUSE OF DELAWARE,   :
INC.,                        :
       And             :
                             :
JEFFREY W. J. WILUSH,        :
In his capacity as President and Chief :
Executive Officer of Horizon House, Inc. :
Defendants                   :

## Affidavit

STATE OF DELAWARE:

NEW CASTLE COUNTY:


BE IT REMEMBERED, that on the 25th day of _Aprie_ 2007, Brian Hartman, Esq., personally appeared before me, and being duly sworn according to law did depose and say as follows:

1. I am the Project Director of the Disabilities Law Program of Community Legal Aid Society, Inc. (CLASI).

2. The Disabilities Law Program (DLP) of Community Legal Aid Society, Inc., is the state and federally designated Protection and Advocacy system charged with investigating allegations of abuse and neglect for individuals with disabilities in Delaware. This authority is derived from the Protection & Advocacy for Individuals with Mental Illness Act (PAIMI) codified at 42 U.S.C. 10801 et seq. CLASI is authorized to pursue legal remedies on behalf of individuals with mental illness or on its own behalf. 42 U.S.C. §10805 and 42 C.F.R. §51.41(b)(2); 42 C.F.R. §51.31 (a).

3. The PAIMI Act adopts a broad definition of "neglect" which encompasses acts or omissions which may have placed constituents at risk of injury or death in the context of health care, nutrition , treatment planning, or provision of a safe environment. 42 U.S.C. §§10801(a)(3) and 10802(5). Death investigations are considered a high priority.

4. The PAIMI Act contemplates that CLASI will affirmatively investigate incidents of neglect if the incidents are either "reported to the system or there is probable cause to believe that the incidents occurred". 42 U.S.C. §10108(b)(2)(B).

5. A CLASI attorney specializing in mental health law received a complaint that John Z. may have been subject to neglect while entitled to receive case management and other support services from Horizon House, Inc. The attorney evaluated the complaint and determined it was credible.

6. Based on a fact investigation, the attorney also determined that there was probable cause to believe that an incident of neglect may have occurred.

7. CLASI requested access to John Z.'s records from Horizon House in order to carry out its mandate under the PAIMI Act.

8. Horizon House provided CLASI with a copy of a single document, an internal investigation report completed within two days of John Z's death.

9. Upon reviewing the internal report, the CLASI investigating attorney determined that a full and meaningful investigation could not be completed without access to other Horizon House records. The internal report suggested that John Z. had been dead for days when discovered and confirmed that the last Horizon House contact with its client occurred several days prior to death. The report concluded that Mr. Z's death was a result of medical complications but it did not contain an autopsy report. In addition, the report included medical records indicating that its client was delusional and at "high risk" for medical decompensation.

10. Horizon House has adamantly refused multiple requests to provide access to other records and information. Such refusal obstructs CLASI's ability to fulfill its mandate under the PAIMI Act. I have personally reviewed the factual bases justifying access to such records and information and determined them to be sufficient to meet PAIMI access standards.

11. CLASI cannot effectively protect the rights of vulnerable constituents with mental illness if Horizon House bars access to records relevant to an investigation of abuse or neglect. Horizon House is a major mental health provider in Delaware and its actions systemically undermine implementation of the PAIMI Act and place many persons with mental illness at risk of abuse and neglect without recourse. In addition, CLASI risks violation of its PAIMI grant assurances, and concomitant grant funding, if it cannot fulfill its "system requirements" under 42 U.S.C. §10805. CLASI , persons with mental illness, and the public will be irreparably harmed if Horizon House is permitted to implement a policy barring CLASI access to records and information relevant to an abuse/neglect investigation.

Brian J. Hartman, Esq.

**SWORN TO and SUBSCRIBED before me this** $\underline{25^{th}}$ **day of** $\underline{\quad April \quad}$ **, 2007.**

$\underline{\quad Cynthia\ L.\ Stopyra \quad}$
**NOTARY PUBLIC**

Commission Expiration Date: $\underline{\quad 02/13/2009 \quad}$

**ATTACHMENT B**



# DISABILITIES LAW PROGRAM

### COMMUNITY LEGAL AID SOCIETY, INC.

100 W. 10th Street, Suite 801
Wilmington, Delaware 19801
(302) 575-0690   (TTY) (302) 575-0696   Fax (302) 575-0840
www.declasi.org

March 19, 2007

Ms. Roseanne Faust
Horizon House
500 S. Madison Street
Wilmington, DE 19801

> **Re:**   John Z▮▮▮▮▮▮, DOB ▮▮▮▮▮▮▮

Dear Ms. Faust:

We have probable cause to believe that a former Horizon House consumer, John Z▮▮▮▮▮▮, who died on or about March 10, 2007, may have been subject to abuse or neglect while under the care of Horizon House.

The DLP has authority under the federal Protection and Advocacy for Individuals with Mental Illness (PAIMI) statute 42 U.S.C. §10805 (a)(4)(B) and 42 U.S.C. §10806 to receive access to records regarding an individual where "there is probable cause to believe that [the] individual has been subject to abuse or neglect." I hereby certify that we have probable cause to believe that John Z▮▮▮▮▮▮ may have been subject to abuse or neglect. As you are aware, the Health Information Portability and Accountability Act (HIPAA) does not preempt the Disabilities Law Program from accessing private health information.

In order to avoid the necessity of copying Mr. Z▮▮▮▮▮▮'s entire file, which may be voluminous, I request that you allow me to review his record at your earliest convenience and copy all documents that may be necessary. Feel free to contact me at 575-0660 ext. 241 if you have any questions. I look forward to hearing from you soon.

Sincerely,

Eliza Hirst
Staff Attorney

---

KENT COUNTY      840 Walker Road, Dover, DE                          (302) 674-8500
SUSSEX COUNTY    144 E. Market Street, Georgetown, DE               (302) 856-0038

DELAWARE'S PROTECTION AND ADVOCACY SYSTEM FOR PERSONS WITH DISABILITIES

**ATTACHMENT C**

# GOLD AND VILIM
ATTORNEYS AT LAW
6703 GERMANTOWN AVENUE
SUITE 220
PHILADELPHIA, PENNSYLVANIA 19119
(215) 546-5464
FACSIMILE (215) 546-5268

RICHARD J. GOLD
GUY VILIM
M. ROBIN MADDOX
DANIEL R. GAGE (Of Counsel)*
*ALSO NJ BAR
*LLM IN TAXATION, MBA

EMAIL  rgold@goldvilim.com
       gvilim@goldvilim.com
       rmaddox@goldvilim.com
       dgage@goldvilim.com

March 26, 2007

Eliza Hurst, Esquire
Disabilities Law Program
100 West 10th Street
Wilmington, DE 19801

Re: John Z█████ - Case Record Review Request

Dear Eliza:

Horizon House forwarded to me your request to review the record for the above-named consumer, which request is dated March 19, 2007. I understand that you are planning to arrive at the Horizon House program offices tomorrow, Tuesday, March 27, 2007, at noon. I write to establish the parameters of your visit and review. Your letter correctly states that your authority to conduct the review exists if you have "probable cause" to believe that this consumer may have been subjected to abuse and neglect. We do not believe that any such evidence can or does exist. After reviewing the circumstances of this consumer's death, we have no reason whatsoever to suspect that he died of anything but natural causes. We believe that you have included the phrase in your request for records without actually having any evidence to support a finding of probable cause. Therefore, we do not believe that you have any legitimate legal authority to conduct this or any review. During our meeting, we will gladly hear and review any evidence you do have that could arguably support the statement you made. To substantiate our view on this, we will, as a compromise, share with you our death investigation in this case, but as the evidence now stands, we will not acquiesce to a full record or case review. I look forward to discussing this with you in more detail tomorrow.

Cordially,

Guy Vilim

cc: R. Faust

# GOLD AND VILIM
## ATTORNEYS AT LAW
### 6703 GERMANTOWN AVENUE
### SUITE 220
### PHILADELPHIA, PENNSYLVANIA 19119
### (215) 546-5464
### FACSIMILE (215) 546-5268

RICHARD J. GOLD
GUY VILIM
M. ROBIN MADDOX
DANIEL R. GAGE

## TELECOMMUNICATIONS MESSAGE

DATE: _3/26/07_

COMPANY: _Disabilities Law Program_

ATTENTION: _Eliza Hirst_

FROM: _Guy Vilim_

NO. OF PAGES: _2_

(INCLUDING THIS COVER SHEET)

COMMENTS:

CONFIDENTIALITY NOTICE: The information contained in this telecommunication message is privileged and confidential, and intended only for the use of the individual (s) and/or entity (ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of the telecopied materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the materials. Thank You!

IF YOU DO NOT RECEIVE ANY OF THESE PAGES, OR HAVE ANY QUESTIONS ON THE CONTENT, PLEASE CALL: _____ At (215) 546-5464 OR FAX AT (215) 546-5268.

**ATTACHMENT D**

**Eliza M. Hirst**

| | |
|---|---|
| **From:** | Eliza M. Hirst |
| **Sent:** | Tuesday, March 27, 2007 8:19 AM |
| **To:** | gvilim@goldvilim.com |
| **Cc:** | 'ROSANNE FAUST'; Eliza M. Hirst; Daniel G. Atkins |
| **Subject:** | access issue John Z██████ |

Dear Guy:

I am in receipt of your March 26th letter outlining the parameters of the Disability Law Program's (DLP) visit and review of John Z███████'s records at Horizon House. In you letter, you state the DLP does not have "any evidence to support a finding of probable cause....[or] have any legitimate legal authority to conduct this or any review." I would like to direct you attention to the PAIMI regulations, which allow a protection and advocacy system, such as the DLP, to make a determination based on "reasonable inferences drawn from experience or training regarding similar incidents, conditions, or problems that are usually associated with abuse or neglect." See 42 C.F.R. 51.2.

In addition, "the determination of probable cause is based on the independent judgment of the protection and advocacy system." See 62 F.R. 53552. Therefore, the DLP has the independent ability to determine that probable cause exists to investigate whether an individual may have been subject to abuse or neglect. In this case, we have certified to Horizon House that we have probable cause to investigate all records pertaining to John Z███████ in our letter dated March 19, 2007. Our request for access to all records of Mr. Z███████, including the death investigation, is fully within our legal authority under the federal PAIMI statutes and regulations. Please let me know if you have additional questions.

Sincerely,
Eliza Hirst


Eliza Hirst

Staff Attorney

Disabilities Law Program

100 W. 10th Street Ste 801

Wilmington, DE 19801

ehirst@declasi.org

302/575-0660 ext. 241

**ATTACHMENT F**



# DISABILITIES LAW PROGRAM

## COMMUNITY LEGAL AID SOCIETY, INC.

100 W. 10th Street, Suite 801
Wilmington, Delaware 19801
(302) 575-0690   (TTY) (302) 575-0696   Fax (302) 575-0840
www.declasi.org

March 30, 2007

*Fax and Mail*
Guy Vilim
Gold and Vilim
6703 Germantown Ave., Suite 220
Philadelphia, Pa 19119
Fax: 215-546-5268

**Re: John Z▮▮▮▮▮ records**

Dear Mr. Vilim:

As you know, I wrote a letter to Horizon House on March 19, 2007 requesting access to John Z▮▮▮▮'s records based on the Disabilities Law Program's (DLP) authority under the federal Protection and Advocacy for Individuals with Mental Illness Act (PAIMI), 42 U.S.C. § 10805 (a)(4)(B) and 42 U.S.C. §10806. In that letter, I certified that the DLP had probable cause to believe that Mr. Z▮▮▮▮ may have been abused or neglected while under the care of Horizon House.

In a letter dated March 26, 2007, on behalf of Horizon House, you denied my request for access to Mr. Z▮▮▮▮'s records because Horizon House believed that the Disabilities Law Program requested records "without actually having any evidence to support a finding of probable cause." I sent an email to you and copied the executive director explaining our federal authority to access Mr. Z▮▮▮▮'s records, which I have enclosed for your reference.

Under the PAIMI Act, probable cause is defined as:

"reasonable grounds for belief that an individual with mental illness has been, or may be at significant risk of being subject to abuse or neglect. The individual making such determination may base the decision on reasonable inferences drawn from his or her experience or training regarding similar incidents, conditions or problems that are usually associated with abuse or neglect."

I explained that our probable cause in this case stemmed from a complaint, monitoring, and other activities and evidence pursuant to 42 U.S.C. § 10805 (a)(4)(B)(iii) and 42 C.F.R. §51.41 (b)(2)(iii). To the extent Mr. Z▮▮▮▮ had developmental disabilities, I also rely on the Protection and Advocacy of Individuals with Developmental Disabilities Act (PADD). See 42 U.S.C. §15043(a)(2)(I)(iii)(II) and 45 C.F.R. §1386.22(a)(2)(iii).

Letter to Guy Vilim
Re: Horizon House client John Z████████
March 30, 2007
Page 2 of 3

---

In your letter dated March 26, 2007, and in our conversation on March 27th, you explained you would be willing to consider the DLP's access to records if I provided Horizon House with evidence to support the DLP's statement of probable cause. As I explained, the DLP is not required to divulge the source of probable cause, other than to certify that the determination is based on a complaint, monitoring, and/or other evidence. I would like to direct your attention to 42 C.F.R § 51.45 (a)(1)(iii), which requires the protection and advocacy system to keep confidential the "[i]dentity of individuals who report incidents of abuse or neglect or furnish information that forms the basis for a determination that probable cause exists."

At our meeting you maintained that the DLP did not have actual probable cause to access the records of John Z████████ because you believe he died of natural causes. Your personal opinion is not dispositive.

First, my March 19, 2007 letter requested access to records based on the existence of "probable cause to believe that a former Horizon House consumer, John Z████████ who died on or about March 10, 2007, may have been subject to abuse or neglect while under the care of Horizon House." Although you contend that Mr. Z████████ died in his sleep, the scope of the DLP's inquiry and probable cause is not limited to Mr. Z████████s death.

Second, the regulations to the PAIMI Act specify that probable cause is determined by the protection and advocacy agency. See 42 C.F.R. § 51.41 (b)(iii). "[T]he determination of probable cause is based on the *independent* judgment of the protection and advocacy system." (emphasis added).62 F.R. 53552 (1997).

Third, it is well settled that the protection and advocacy system is the "final arbiter" of probable cause to access records of an individual with mental illness who may have been abused or neglected. See *Protection and Advocacy System, Inc. v. David Freudenthal,* 412 F. Supp. 2d 1211, 1219 (D.Wy., 2006); *Ohio Legal Rights Service v. The Buckeye Ranch, Inc.,* 365 F. Supp. 2d 877, 887 (S.D.OH.2005); *Arizona Center for Disability Law v. Allen,* 197 F.R.D. 689, 693 (D.Ariz.2000); *Protection and Advocacy For Persons With Disabilities v. Armstrong,* 266 F.Supp.2d 303, 321 (D.Conn.2003); *Center for Legal Advocacy v. Earnest,* 188 F. Supp.2d 1251, 1257 (D.Colo.2002) (holding that "a determination of probable cause made by the [P &A] will not be reevaluated by the...service provider merely because the...service provider disagrees that probable cause exists."); *Maryland Disability Law Center v. Mount Washington Pediatric Hospital, Inc.,* 106 Md.App. 55, 664 A.2d 16, 24 (1995); and *Office of Protection and Advocacy v. Hartford Board of Education,* 355 F.Supp.2d 649 (D. Conn. 2005), *appeal docketed.*

As the courts have opined, to conclude that probable cause ought to be determined by other agencies/actors, such as Horizon House, "would frustrate the purpose of the P & A laws to establish an effective system to protect and advocate for the rights of

Letter to Guy Vilim
Re: Horizon House client John Z███████
March 30, 2007
Page 3 of 3

individuals with disabilities." *Arizona Center for Disability Law v. Allen,* 197 F.R.D. 689, 693 (D.Ariz.2000). Therefore, Horizon House cannot supercede the DLP's assertion of probable cause with its own determination.

When we met on March 27, 2007, Horizon House limited the DLP's access to records, and provided me only with the internal Horizon House death investigation of John Zychowski. As you may know, "it is clearly the intent of the Act that the system have full access to 'all records of an individual' pertaining to a full investigation of a report or complaint" 62 F.R. 53560; see 42 C.F.R. §51.41. This is the DLP's final request to access records of John Z██████ for the last three years. Almost two weeks have elapsed since my request for access to Mr. Z███████ records. Therefore, I request that Horizon House provide access to records promptly, but no later than April 10, 2007.

I would appreciate it if you would share this letter with the administrators of Delaware's Horizon House. If you are unwilling to provide prompt access to John Z██████'s records, the DLP intends to pursue its right to access these records under the PAIMI and PADD Acts in federal court if necessary. If you have any questions, I can be reached at 575-0660 ext. 241.

Sincerely,

Eliza Hirst
Staff Attorney

Enclosure



# DISABILITIES LAW PROGRAM

## COMMUNITY LEGAL AID SOCIETY, INC.

100 W. 10th Street, Suite 801
Wilmington, Delaware 19801
(302) 575-0690   (TTY) (302) 575-0696   Fax (302) 575-0840
www.declasi.org

| To: | Guy Vilim, Esq. | Date: | March 30, 2007 |
|---|---|---|---|
| Fax #: | 215-546-5268 | Pages: | 4 (with cover sheet) |
| From: | Eliza Hirst | Ext. 241 | |
| Subject: | John Z▇▇▇▇ | | |

Dear Guy:

Please see the attached documentation.


Eliza Hirst
Staff Attorney

The information contained in this facsimile message is confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and return the original message to the above address via the U.S. Postal Service.
                        Thank you.

KENT COUNTY      840 Walker Road, Dover, DE              (302) 674-8500
SUSSEX COUNTY    144 E. Market Street, Georgetown, DE    (302) 856-0038

DELAWARE'S PROTECTION AND ADVOCACY SYSTEM FOR PERSONS WITH DISABILITIES

```
MESSAGE CONFIRMATION

                                    03/30/2007  15:03
                                    ID=COMMUNITY LEGAL AID SOCIETY


   DATE        S,R-TIME   DISTANT STATION ID      MODE      PAGES    RESULT

   03/30       00'50"     2155465268              TX        05       OK       0000
```

03/30/2007    15:02    COMMUNITY LEGAL AID SOCIETY → 12155465268                    NO.391    P01



# DISABILITIES LAW PROGRAM
### COMMUNITY LEGAL AID SOCIETY, INC.
100 W. 10th Street, Suite 801
Wilmington, Delaware 19801
(302) 575-0690   (TTY) (302) 575-0696   Fax (302) 575-0840
www.declasi.org

| To: | Guy Vilim, Esq. | Date: | March 30, 2007 |
|---|---|---|---|
| Fax #: | 215-546-5268 | Pages: | 4 (with cover sheet) |
| From: | Eliza Hirst | Ext. 241 | |
| Subject: | John Z▓▓▓▓ | | |

Dear Guy:

Please see the attached documentation.


Eliza Hirst

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **(a) PLAINTIFFS**<br>COMMUNITY LEGAL AID SOCIETY, INC. | **DEFENDANTS**<br>HORIZON HOUSE, INC., trading and operating as HORIZON HOUSE/DELAWARE, INC.,HORIZON HOUSE OF DELAWARE, INC., and JEFFREY W. J. WILUSH |
| **(b)** County of Residence of First Listed Plaintiff _New Castle, Delaware_<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _Philadelphia County, Pennsylvania_<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Eliza Hirst and Daniel Atkins (302) 575-0660<br>100 W. 10th Street, Ste 801, Wilmington, DE 19801 | Attorneys (If Known) Guy Vilim (215) 546-5464<br>Gold & Vilim<br>6703 Germantown Ave., Suite 220, Philadelphia, PA 19119 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Nation | ☐ 3 | ☐ 3 | Foreign Country | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW | ☒ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
PAIMI Act 42 U.S.C.§§10801-10827 and 42 C.F.R. §51.41.

Brief description of cause: This is an action for declaratory and injunctive relief. The defendants' refusal to provide access to all records of an individual with mental illness prevents plaintiff from fulfilling its statutory duty to investigate a death and an allegation of neglect, pursuant to the PAIMI Act.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 4-25-07
SIGNATURE OF ATTORNEY OF RECORD
_Eliza Hirst_

FOR OFFICE USE ONLY RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07 - 221 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____3_____ COPIES OF AO FORM 85.

APR 2 5 2007
_____          _____
(Date forms issued)                    (Signature of Party or their Representative)

_____
_Eliza Hirst_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action