UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| COMMUNITY LEGAL AID SOCIETY, INC., <br> Plaintiff <br><br> v. <br><br> HORIZON HOUSE, INC., <br> Trading and Operating as <br> HORIZON HOUSE/DELAWARE, INC., <br> HORIZON HOUSE OF DELAWARE, INC., <br>     And <br><br> JEFFREY W. J. WILUSH, <br> In his capacity as President and Chief <br> Executive Officer of Horizon House, Inc. <br> Defendants | Civil Action No. 07-221 |

## STIPULATION OF DISMISSAL

1. The parties have executed a Settlement Agreement (attached as exhibit "A" and incorporated herein).

2. The parties stipulate and agree that the above-captioned action shall be dismissed with prejudice pursuant to the Enforceable Settlement Agreement.

| | |
|---|---|
| /s/ Eliza Hirst | /s/ Thaddeus J. Weaver |
| Eliza Hirst (ID No. 4619) | Thaddeus Weaver (ID No. 2790) |
| ehirst@declasi.org | tjweaver@cpmy.com |
| Disabilities Law Program | Christie, Pabarue, Mortensen, Young, P.C. |
| Community Legal Aid Society, Inc. | The Brandywine Building |
| 100 W. 10th Street, Ste. 801 | 1000 N. West Street, Suite 1200 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 575-0660 ext. 241 | (302) 295-5000 (telephone) |
| FAX (302) 575-0840 | (302) 295-5001 (facsimile) |
| Attorney for Plaintiff | Attorney for Defendants |

IT IS SO ORDERED THIS _____ DAY OF _____, 2007.

_____
Chief Judge Sue L. Robinson

# EXHIBIT A:

## ENFORCEABLE SETTLEMENT AGREEMENT BETWEEN HORIZON HOUSE, INC. AND THE DISABILITIES LAW PROGRAM OF COMMUNITY LEGAL AID SOCIETY, INC.

**SECTION 1: INTRODUCTION (PARTIES; BACKGROUND)**

A.   **PARTIES TO THIS AGREEMENT:**

   **1.** The Disabilities Law Program (DLP) of Community Legal Aid Society, Inc.(CLASI) is the Protection and Advocacy (P & A) System for Delaware, which is designated by the Governor to advocate for individuals with mental illness and/or developmental disabilities. As the P & A, the DLP is authorized under the federal Protection and Advocacy for Individuals with Mental Illness Act (PAIMI), and the federal Protection and Advocacy for individuals with Developmental Disabilities Act (PADD), to investigate potential abuse or neglect impacting individuals with disabilities and to monitor their health and safety in both institutional and community settings. 42 U.S.C. §10801 et. seq.; 42 C.F.R. Part 51; 42 U.S.C. §15001 et. seq.; and 45 C.F.R. §1386.22.

   **2.** Horizon House/Delaware, Inc. (Horizon House) is a community-based mental health program which provides case management and other support services for individuals with mental illness in Delaware through a contract with the Delaware Division of Substance Abuse and Mental Health. The President and C.E.O. of Horizon House is Jeffrey W.J. Wilush. Rosanne Faust is the Executive Director of Horizon House/Delaware Inc.

B.   **BACKGROUND:**

   **1.** In the Spring of 2007, the DLP and Horizon House disagreed over the DLP's access authority. This disagreement prompted litigation captioned as Community Legal Aid, Society, Inc. v. Horizon House, Inc. et al, C.A. No. 07-221 (D. Del. pending).

Case 1:07-cv-00221-SLR   Document 13   Filed 06/25/2007   Page 3 of 10

Page 2 of 9
Enforceable Settlement Agreement
Horizon House and Community Legal Aid Society, Inc.

2. The parties are desirous of amicably resolving that litigation and obviating prospective disagreements over the DLP's access authority through adoption of this agreement. In furtherance of these objectives, this agreement covers the DLP's access to Horizon House facilities, clients, staff, and records pursuant to the PAIMI and PADD Acts and victims and witnesses.

## SECTION 2: ACCESS TO FACILITIES, INDIVIDUALS, AND STAFF

1. Horizon House shall provide the DLP with reasonable access to its sites and employees upon DLP request whenever:

   (a) An incident is reported or a complaint is made to the DLP;

   (b) The DLP certifies that there is probable cause to believe an incident has or may have occurred; or

   (c) The DLP determines that there is or may be imminent danger of serious abuse or neglect to an individual with a mental illness.

2. DLP advocates may request access to Horizon House facilities when they are reviewing files, meeting with staff, or meeting with clients. The DLP will notify Horizon House's Executive Director or designee upon arrival and departure from Horizon House Delaware headquarters.

3. The DLP shall have unaccompanied access when speaking with Horizon House staff about consumer concerns, except when a Horizon House staff member requests that the Director or his/her designee be present. DLP advocates will provide advanced notice to Executive Director or designee of Horizon House in Delaware for unaccompanied access to specific Horizon House staff members or positions. All policy concerns will be addressed with the Horizon House Executive Director or designee.

Case 1:07-cv-00221-SLR    Document 13    Filed 06/25/2007    Page 4 of 10

Page 3 of 9
Enforceable Settlement Agreement
Horizon House and Community Legal Aid Society, Inc.

4. Horizon House will facilitate and not impede DLP unaccompanied access to victims and persons with knowledge of the alleged death/abuse/neglect under investigation.

## SECTION 3: ACCESS TO RECORDS

### A. ACCESS AUTHORITY:

**1.** The DLP is authorized under the federal PAIMI and PADD Acts to monitor and investigate allegations of abuse and neglect, and pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness and/or developmental disabilities who are receiving care or treatment from Horizon House. To facilitate fulfillment of these responsibilities, the PAIMI and PADD Acts provide the DLP with authority to access records of Horizon House clients. Horizon House will provide the DLP with prompt access to records as follows:

a. Upon DLP presentation of a written authorization for release of records signed by an individual, guardian, or other legal representative; or

b. If an individual is unable to authorize consent (e.g. due to death, elopement, guardianship, or physical or mental condition), upon DLP attorney certification of receipt of a complaint or existence of probable cause to believe that the individual has been or may be subject to abuse or neglect. The DLP will not be required to disclose the source of a complaint or the basis of a probable cause certification.

**2.** "Records" shall be defined broadly pursuant to 42 U.S.C.A. §10806 (b)(3)(A), 42 C.F.R. §51.41, 62 F.R. 53548, 53559 (October 15, 1997) (codified as 42 C.F.R pt. 51), 42 U.S.C. §15043 (c), and 45 C.F.R. §1386.22. "Records" includes, but is not limited to: individual records; medical records; financial records; reports prepared or received by a member of Horizon House staff; reports/ investigations of abuse, neglect, injury, or death; policy and procedure

Case 1:07-cv-00221-SLR  Document 13  Filed 06/25/2007  Page 5 of 10

Page 4 of 9
Enforceable Settlement Agreement
Horizon House and Community Legal Aid Society, Inc.

manuals (and updates) maintained by Horizon House; records from other entities/third parties; personnel records; reports prepared for certification and licensure reviews; internally generated documents; and discharge planning records.

### B. PROCEDURE FOR REQUESTING RECORDS:

**1.** In order to access records, the DLP will make a written request to the Horizon House Executive Director or designee, which shall identify the consumer and/or institutional records being sought and will include either: (a) a release signed by the consumer, guardian, or legal representative; or (b) attorney certification conforming to Section 3.A.1.b. of this Agreement.

**2.** Upon request by the DLP, Horizon House shall provide information as to whether a consumer has a guardian, or legal representative and shall, when requested, provide the name, address and telephone number of the guardian, or legal representative. Horizon House shall provide this information within three business days. However, when the DLP determines that there is probable cause to believe that the health or safety of a consumer is in serious and immediate jeopardy, the DLP shall be provided with immediate access (within one business day) to this information. In the case of the death of a consumer, Horizon House will provide this information within one business day of the receipt of the DLP's request. In the event Horizon House does not have the requested information, it will so notify the DLP promptly, but no later than three business days.

**3.** Access to records shall be provided no later than 72 hours from receipt of the request with the following exceptions:

    a.    Horizon House will provide the DLP with records of a consumer within 24 hours of the DLP's request, if the DLP represents that the individual's health or safety is in serious or immediate jeopardy, or in any case of death.

    b.    If Horizon House is unable to provide the DLP with records within 72 hours, Horizon House will provide the DLP with a reasonable explanation of

Case 1:07-cv-00221-SLR    Document 13    Filed 06/25/2007    Page 6 of 10

Page 5 of 9
Enforceable Settlement Agreement
Horizon House and Community Legal Aid Society, Inc.

when the records will be available and why the records cannot be provided in the 72 hour time frame.

### C. ON-SITE REVIEW:

1. The DLP will have reasonable access to review records at Horizon House's corporate office in Delaware, provided that the above-mentioned authorization requirements have been satisfied. Under no circumstances will the DLP remove any part of the original records or make any changes to them. Horizon House will copy all records requested by the DLP advocate within a reasonable time frame, but no later than 3 business days.

2. The DLP will maintain the confidentiality of such records to the same extent as is required of Horizon House, Inc. by both state and federal laws.

3. At the same time access to records is granted, the mental health professional responsible for supervising mental health services to the consumer may give the DLP a written determination that the disclosure of the information would be detrimental to the consumer's health. In that case, in accordance with federal regulations, the DLP will not disclose the information to the consumer unless another mental health professional determines that disclosure would not be detrimental to the consumer's health.

4. If Horizon House denies access to records, the Horizon House's Director or designee will give the DLP a reasonable written explanation for the denial. Horizon House will also provide a generic description of the document being denied, balancing its need to protect the confidentiality of the document, with the DLP's right to know what is being withheld, so that it can determine whether the non-disclosure is appropriate. The written explanation shall be provided to the DLP within one business day after the expiration of the deadline for the release of records.

Case 1:07-cv-00221-SLR    Document 13    Filed 06/25/2007    Page 7 of 10

Page 6 of 9
Enforceable Settlement Agreement
Horizon House and Community Legal Aid Society, Inc.

**D. DISPUTE RESOLUTION:**

The parties mutually agree to resolve disputes whenever possible through non-adversarial means, including negotiation. Any concern will be immediately brought to the attention of Horizon House, Inc.'s Executive Director, or designee, and the DLP's Project Director to resolve as expeditiously and informally as possible and at the lowest appropriate level. The purpose of a dispute resolution meeting will be to discuss access to records, a time frame for granting access, and the extent of the access to records and staff based on a determination of probable cause or a complaint. This paragraph, however, is not intended to limit in any way the rights of either party to pursue lawful remedies in administrative or judicial forums.

**E. CONFIDENTIALITY**

**1.** The DLP has access to health/mental health care or treatment records which, under federal and state law, are required to be maintained in a confidential manner by a provider of mental health/DD services.

**2.** The DLP shall maintain the confidentiality of records it receives pursuant to its investigative authority under 42 U.S.C. §10806 and/or 45 C.F.R. §1386.22.

**3.** The DLP will maintain the confidentiality of records and information regarding individuals and will only use such information as necessary to fulfill the duties as the P & A under the law.

**4.** The DLP will not release or disclose to a third party any individual records without the authorization of the individual, guardian, or legal representative.

**F.    ENFORCEABILITY**

This is a legally binding agreement enforceable in any state court of competent jurisdiction or in a district court of the United States.

Case 1:07-cv-00221-SLR   Document 13   Filed 06/25/2007   Page 8 of 10

Page 7 of 9
Enforceable Settlement Agreement
Horizon House and Community Legal Aid Society, Inc.

## SECTION 4: DISSEMINATION OF AGREEMENT

The parties agree to disseminate copies of this agreement to their respective staff members. The parties also agree to make copies of this agreement available, upon request, to individuals with mental illness and to members of the general public.

## SECTION 5: MODIFICATION OF AGREEMENT

This Agreement is effective from the date of the last signature, and it may at any time be amended by mutual written agreement signed by the parties.

## SECTION 6: DISMISSAL OF COMPLAINT

In express reliance on the promises, undertakings, and forbearances contained in this Agreement, the parties agree to execute and file a stipulation of dismissal in <u>Community Legal Aid Society, Inc. v. Horizon House, Inc. et al</u>, C.A. No. 07-221 (D. Del. pending) WITH PREJUDICE.

## GENERAL CONTRACT PROVISIONS

A. <u>Entire Agreement</u> This Agreement contains the entire agreement between the parties and is intended to resolve all access claims to records that were presented in connection with <u>Community Legal Aid Society, Inc. v. Horizon House, Inc. et al</u>, C.A. No. 07-221. Prior written or oral and/or subsequent oral understandings or representations made after the effective date of this Agreement shall not be binding upon either party, except to the extent made in writing pursuant to paragraph B of these General Contract Provisions.

Case 1:07-cv-00221-SLR  Document 13  Filed 06/25/2007  Page 9 of 10

Page 8 of 9
Enforceable Settlement Agreement
Horizon House and Community Legal Aid Society, Inc.

B. **Changes to Agreement** Any alteration, change, addition or elimination of terms of this agreement shall be in writing, dated and signed by both parties. Such changes shall specifically state the parties' intent to amend the Agreement.

C. **Notices** Any notice provided for within or concerning this Agreement shall be in writing and shall be deemed delivered when delivered in person to an authorized party representative, by confirmed facsimile, or if mailed, by certified or other receipted mail at the time and/or date confirmed by receipt.

D. **Titles Non-Substantive** The titles to the Agreement and paragraphs herein are solely for the convenience of the parties and shall not be used to modify, simplify or aid in the interpretation of the provisions of this Agreement.

E. **Assignment of Agreement** Neither party may assign its rights nor delegate its duties as set forth in this contract without the prior written consent of the other party. Both parties are prohibited from subcontracting, transferring, conveying, subletting, or otherwise disposing of this contract or its rights, title or interest therein, or its power to execute such contract, to any person, company, or corporation, without the written consent of the other party.

F. **Waiver of Breach** The failure of either party to this Agreement to insist upon the performance of any of the terms and conditions of this Agreement, or the waiver of any breach of any of the terms and conditions of this Agreement, shall not be construed as thereafter waiving any such terms and conditions, but the same shall continue and remain in full force and effect as if no such forbearance or waiver had occurred.

G. **Severability** If any part of this Agreement is construed to be unenforceable, the remaining parts shall remain in full force and effect, to the greatest extent possible, as though any unenforceable part were not written into this Agreement.

H. **Term of Contract** The terms of this Agreement are binding until both parties agree to terminate in writing.

## III. Date Effective

This policy will be effective from the date it is signed by all parities and will continue until the parties agree otherwise in writing.

_____       6/15/07
Jeffrey Wilush                                           Date
President and C.E.O.
Horizon House, Inc.

_____       6/21/07
Rosanne Faust                                           Date
Executive Director
Horizon House Delaware, Inc.

_____       6/25/07
Brian Hartman, Esq.                                  Date
DLP Project Director
Community Legal Aid Society, Inc.